IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PATRICIA BEJARANO,<br><br>  Plaintiff,<br><br>vs.<br><br>ALL PRO HOME AND HEALTH CARE SERVICE, INC., aka MOHEGAN PARK HOME FOR ADULTS, aka NEW ROCHELLE HOME FOR ADULTS, aka 41 LOCKWOOD REALTY CORP., aka MARQUIS HOME CARE, LLC, ISRAEL ORZEL, Individually, CHRISTENCHER SEMPLE, Individually,<br><br>  Defendants. | Civil Action #: 1:15-cv-5906<br><br>COLLECTIVE ACTION COMPLAINT<br><br>Jury Trial Demanded |

## COLLECTIVE ACTION COMPLAINT

Plaintiff PATRICIA BEJARANO ("Plaintiff" or "Plaintiff Bejarano"), on behalf of herself and all others similarly situated, by and through her attorneys, Jaffe Glenn Law Group, P.A., upon personal knowledge as to herself and upon information and belief as to other matters, brings this Collective Action Complaint against Defendants ALL PRO HOME AND HEALTH CARE SERVICE, INC., aka MOHEGAN PARK HOME FOR ADULTS, aka NEW ROCHELLE HOME FOR ADULTS, 41 LOCKWOOD REALTY CORP., aka MARQUIS HOME CARE, LLC, ("Defendant") and ISRAEL ORZEL, Individually ("Individual Defendant Orzel"), CHRISTENCHER SEMPLE, aka CHRISTENCH SEMPLE, CHRIS SEMPLE, CHRIS SIMPLE, CHRIS CEMPLE, Individually, ("Individual Defendant Semple"), (the Corporate Defendants and the Individual Defendant are referred to collectively as "Defendants") and alleges as follows:

1

## INTRODUCTION

1. Plaintiff brings this lawsuit as a collective action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et. seq.* ("FLSA"), on behalf of herself and all other persons similarly situated who suffered damages as a result of Defendants' violations of the FLSA and the New York Labor Law, Art. 6, §§ 190 et. seq., and Art. 19, §§ 650 et. seq., and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. § 142 (collectively "NYLL").

2. As more fully described below, during the relevant time periods, Defendants willfully violated the FLSA and the applicable state laws of the State of New York by failing to pay Plaintiff and all other similarly situated employees for their overtime hours worked based upon their unlawful policies and practices. Defendants failed to properly pay Plaintiff and other similarly situated employees for their hours worked in excess of forty (40) hours per work week at the statutorily required rate of pay in direct violation of the FLSA and applicable state laws of the State of New York.

3. Plaintiff has retained the law offices of Jaffe Glenn Law Group, P.A., to represent her in this matter.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, and 1367, and by 29 U.S.C. § 201, *et. seq.*

5. The Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims because those claims derive from a common nucleus of operative facts.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

2

7. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district, and Defendants are subject to personal jurisdiction in this District. At all times material hereto, Plaintiff Bejarano performed non-exempt duties for the Defendants in the County of Rockland and/or County of Westchester, New York, within the jurisdiction and venue of this Court.

8. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district, and Defendants are subject to personal jurisdiction in this District. At all times material hereto, Plaintiff Bejarano performed non-exempt duties for the Defendants in the County of Westchester, New York, within the jurisdiction and venue of this Court.

9. At all times pertinent to this Complaint, the corporate Defendant is an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). Defendant was involved in interstate commerce and grossed more than $500,000.00 in the years at issue.

10. Defendants are within the personal jurisdiction and venue of this Court. Defendants directly or indirectly acted in the interest of an employer towards Plaintiff and other similarly situated employees at all material times, including without limitation directly or indirectly controlling the terms of employment of Plaintiff and other similarly situated employees.

11. Throughout the relevant period, Individual Defendant Orzel employed Plaintiff and similarly situated employees within the meaning of the FLSA and NYLL. Individual

Defendant Orzel has substantial control over Plaintiff's working conditions and the unlawful policies and practices alleged herein.

12. Throughout the relevant period, Individual Defendant Semple employed Plaintiff and similarly situated employees within the meaning of the FLSA and NYLL. Individual Defendant Semple has substantial control over Plaintiff's working conditions and the unlawful policies and practices alleged herein.

13. All Defendants, corporate and individual, are covered employers within the meaning of the FLSA and NYLL, and, at all times relevant, employed and/or jointly employed Plaintiff and similarly situated employees.

## PARTIES

14. Plaintiff is an adult resident of County of Westchester, State of New York.

15. Plaintiff worked for Defendants as a non-exempt personal care assistant worker in and about New York from on or about February 2013 through on or about February 2014.

16. At all times relevant to this Complaint, Plaintiff was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and N.Y. Labor Law § 190(2).

17. Plaintiff Bejarano brings this Cause of Action, pursuant to FLSA, 29 U.S.C. § 216(b), on behalf of herself and all other persons similarly situated – non-exempt personal care assistant worker – who worked in furtherance of Defendants' commercial nursing services business in communal adult home assisted living facilities, on or after March 26, 2012 (three years before the filing of the Complaint in this case) ("FLSA Collective Plaintiffs").

18. Defendant is a corporation organized under the laws of the State of New York with offices at 1 Hillcrest Center, Suite 214, Spring Valley, County of Rockland, N.Y.

19. Upon information and belief, at all times relevant to this Complaint, Defendant is in the nursing services business providing individuals with varying levels of nursing care in residential and communal living and nursing facilities.

20. Upon information and belief, at all times relevant to this Complaint, the Defendant employs individuals to perform labor, such as non-exempt nursing assistance to individuals, on its behalf.

21. Defendant is a residential home for adults operated under the laws of the State of New York and located at 3441 Lexington Avenue, Mohegan Lake, County of Westchester, N.Y.

22. Upon information and belief, at all times relevant to this Complaint, Defendant is in the business of providing communal adult home assisted living services to individuals residing in its Adult

23. Upon information and belief, at all times relevant to this Complaint, Individual Defendant Orzel has been an owner, partner, officer, and/or manager of Defendant.

24. Upon information and belief, at all times relevant to this Complaint, Individual Defendant Orzel managed, owned, controlled and/or operated Defendant and regularly exercised the authority to hire and fire employees, determine the work schedule of employees, set the rate of pay of employees and control the finances and operations of the businesses. Additionally, Individual Defendant Orzel directly or indirectly acted in the interest of an employer towards Plaintiff Bejarano and other similarly situated employees, at all material times, including, without limitation, directly or indirectly controlling the terms of employment of Plaintiff and other similarly situated employees. By virtue of such control and authority, Individual Defendant Orzel was an employer of Plaintiff, and all other similarly situated employees, as such term is defined by the Act, 29 U.S.C. 201.et. seq.

25. Upon information and belief, at all times relevant to this Complaint, Individual Defendant Semple has been an owner, partner, officer, and/or manager of Defendant.

26. Upon information and belief, at all times relevant to this Complaint, Individual Defendant Semple managed, owned, controlled and/or operated Defendant and regularly exercised the authority to hire and fire employees, determine the work schedule of employees, set the rate of pay of employees and control the finances and operations of the businesses. Additionally, Individual Defendant Semple directly or indirectly acted in the interest of an employer towards Plaintiff Bejarano and other similarly situated employees, at all material times, including, without limitation, directly or indirectly controlling the terms of employment of Plaintiff and other similarly situated employees. By virtue of such control and authority, Individual Defendant Semple was an employer of Plaintiff, and all other similarly situated employees, as such term is defined by the Act, 29 U.S.C. 201.et. seq.

## FACTS

27. From in or about February 2013 through in or about February 2014, Plaintiff worked for Defendants' nursing services business performing as a non-exempt personal care assistant to individuals.

28. Plaintiff was scheduled to work in excess of forty (40) hours per workweek.

29. Plaintiff's duties included providing personal care for routine, non-medical, personal care assistance services to individuals on behalf of Defendants, such as helping to bathe, dress, shave, and groom clients on behalf of Defendant, which provided such services to building residents. Plaintiff would remind clients to take their medicines but provided no medical-type of assistance.

30. Plaintiff was scheduled to work between three (3) and seven (7) days per work week.

31. Plaintiff routinely worked on average approximately five (5) to fifteen (15) hours per week of overtime and worked on average through her tenure at Defendant approximately fifty (50) hours per week. Plaintiff was not compensated at the required statutory rate for her hours worked in excess of forty (40) hours per work week.

32. Plaintiff was paid an hourly rate of fifteen dollars ($15.00) per hour for her first forty (40) hours but Plaintiff did not receive additional compensation for her hours worked in excess of forty (40) hours per workweek. Plaintiff was due a wage of time and one half, in her case twenty-two dollars and fifty cents ($22.50) per hour worked in excess of forty (40), but Plaintiff was paid only at her regular hourly pay of fifteen dollars ($15) per hour.

33. During the employment of Plaintiff by Defendant, other workers employed by Defendant were paid in a similar manner as Plaintiff, and their working schedules were also similar.

34. Defendant has engaged in a widespread pattern, policy, and practice of violating the FLSA and NYLL, as described in this Complaint.

35. At all times material hereto, Plaintiff and all similarly situated employees were performing their duties for the benefit of and on behalf of Defendant.

36. At all times pertinent to this complaint, Defendant failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NYLL, in that Plaintiff and FLSA Collective Plaintiff and New York Class Plaintiff, performed services and labor for Defendant for which Defendant made no provision to pay Plaintiff and other similarly situated employees

compensation to which they were lawfully entitled for all of the hours worked in excess of forty (40) within a work week.

37. Plaintiff has retained the law office of Jaffe Glenn Law Group, P.A. to represent her individually and incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

## FLSA COLLECTIVE ACTION FACTS

38. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

39. For purposes of the FLSA, the Asserted Class is defined as all non-exempt employees, however variously titled, employed by Defendant at its New York facility/facilities, who have not been paid for all overtime hours worked.

40. Plaintiff brings this Cause of Action, pursuant to FLSA, 29 U.S.C. § 216(b), on behalf of herself and all other persons similarly situated – non-exempt personal care assistant worker – who worked in furtherance of Defendant's nursing services business, on or after July 28, 2012 (three years before the filing of the Complaint in this case), and who elect to opt-in to this action ("FLSA Collective Plaintiff").

41. All of the work that Plaintiff and the FLSA Collective Plaintiffs have performed has been assigned by Defendant, and/or Defendant has been aware of all of the work that Plaintiff and FLSA Collective Plaintiff have performed.

42. As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and FLSA Collective Plaintiff. This policy and pattern or practice includes, but is not limited to, willfully failing to compensate Plaintiff and FLSA Collective Plaintiff the properly

8

due overtime wages for all of the hours that they worked in excess of forty (40) hours per workweek.

43. Defendants are aware of or should have been aware that federal law required them to pay Plaintiff and the FLSA Collective Plaintiff the properly due an overtime premium for all hours worked in excess of forty (40) per workweek.

44. Plaintiff and FLSA Collective Plaintiff all perform or performed similar duties and were all compensated the same rate for each and every work week, regardless of the hours worked.

45. Plaintiff and FLSA Collective Plaintiff all were improperly compensated.

46. Plaintiff and FLSA Collective Plaintiff all were subject to the same employment policies, procedures, and practices as centrally disseminated by Defendants.

47. Defendants' unlawful conduct has been widespread, repeated, and consistent.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE FLSA

48. Plaintiff re-alleges and incorporates and hereby references all allegations contained in the Paragraphs 1 through 47 above.

49. Defendant has engaged in a widespread pattern and practice of violating the FLSA, as described in this Collective Action Complaint.

50. Plaintiff has consented in writing to be party to this action, pursuant to 29 U.S.C. § 216(b).

51. At all relevant times, Plaintiff and other similarly situated current and former employees were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

52. The overtime wage provisions set forth in §§ 201 *et. seq.* of the FLSA apply to Defendants.

53. Defendant is engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

54. At all times relevant, Plaintiff was an employee within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

55. Defendant has failed to pay Plaintiff and other similarly situated current and former employees all of the overtime wages to which they were entitled under the FLSA.

56. Defendant's violations of the FLSA, as described in this Collective Action Complaint, have been willful and intentional. Defendants have failed to make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and other similarly situated current and former employees.

57. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

58. As a result of Defendants' willful violations of the FLSA, Plaintiff and all other similarly situated employees have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et. seq.*

59. As a result of the unlawful acts of Defendant, Plaintiff and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated

damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE NEW YORK LABOR LAW

60.  Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 59 above.

61.  Plaintiff brings this Cause of Action, pursuant to the NYLL, on behalf of herself and all those similarly situated as members of the New York Class ("New York Class") – non-exempt personal care assistant workers – who worked in furtherance of Defendants' nursing services business, on or after July 28, 2009 (six years before the filing of the Complaint in this case).

62.  Defendant engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Class and Collective Action complaint.

63.  At all relevant times, Plaintiff, and members of the New York Class, were employed by the Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

64.  Plaintiff and New York Class members are covered by the NYLL.

65.  Defendant failed to pay Plaintiff and members of the New York Class all of the overtime wages due to them in addition to their regular rate of pay to which they are entitled under the NYLL, Art. 19, §§ 650 et. seq., and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. § 142.

66. Defendant has failed to pay Plaintiff and members of the New York Class all of their overtime compensation at the statutorily required rate of at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

67. Defendant failed to keep, make, preserve, maintain and furnish accurate records of time worked by Plaintiff and New York Class members.

68. Defendant's violations of the N.Y. Lab. Law § 650 et. seq., and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. § 142 and as described in this Collective Action Complaint, have been willful and intentional.

69. Due to Defendant's violations of the NYLL, Plaintiff and New York Class members are entitled to recover from Defendant unpaid overtime, reasonable attorneys' fees and costs of the action, liquidated damages as provided for by NYLL Article 19, § 663, and Article 6, § 198, and pre-judgment and post-judgment interest.

## COUNT III
## RECOVERY FOR RECORD KEEPING VIOLATIONS PURSUANT TO THE NYLL

70. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 69 above.

71. Defendant has willfully failed to supply Plaintiff and New York Class members, notice as required by NYLL Article 6, § 195, in English or in the language identified by Plaintiff or New York Class members, as their primary language, containing Plaintiff's or New York Class members, rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL

Art. 6 § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

72. Defendant has willfully failed to supply Plaintiff and New York Class members, with an accurate statement of wages as required by NYLL Art. 6 § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hours, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

73. Due to Defendant's violations of the N.Y. Lab. Law § 195, Plaintiff and New York Class members, are entitled to recover from Defendant fifty dollars ($50) for each day that the violations occurred or continue to occur, not to exceed five thousand dollars ($5,000) each, as provided for by N.Y. Lab. Law Article 6, § 198(1)-b, as well as reasonable attorneys' fees and costs.

74. Due to Defendant's violations of the N.Y. Lab. Law § 195, Plaintiff and New York Class members, are entitled to recover from Defendants two hundred fifty dollars ($250) for each day that the violations occurred or continue to occur, not to exceed five thousand dollars ($5,000) each, as provided for by N.Y. Lab. Law Article 6, § 198(1)-d, as well as reasonable attorneys' fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff on behalf of herself, individually and on behalf of all other similarly situated persons, seeks the following relief:

a.  That, at the earliest possible time, Plaintiff be allowed to give notice of this Collective Action, or that the Court issue such notice, to all members of the FLSA Class. Such notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit, among other things;

b.  An award of unpaid overtime compensation due under the FLSA and the supporting United States Department of Labor regulations;

c.  An award of liquidated damages, penalties, and pre-judgment and post-judgment interest as permitted as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

d.  An award of unpaid overtime compensation due under the NYLL;

e.  An award of liquidated damages, penalties, and pre-judgment and post-judgment interest as permitted by the NYLL;

f.  Fifty dollars ($50) for each day that the violations of NYLL Article 6 § 195 occurred or continue to occur, not to exceed five thosuand dollars ($5,000), as provided for by NYLL Article 6 § 198(1)-b;

g.  Two hundred dollars ($250) for each day that the violations of NYLL Article 6 § 195 occurred or continue to occur, not to exceed five thousand dollars ($5,000), as provided for by NYLL Article 6 § 198(1)-d;

h.  Attorneys' fees and costs of the actions; and

i.  Such other and further relief as this Court deems just and proper.

## JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.


Dated: August 13, 2015

Respectfully submitted,

_____
Jodi J. Jaffe, Esquire
E-mail: jjaffe@JaffeGlenn.com
New York Bar No.: JJ8034
**JAFFE GLENN LAW GROUP, P.A.**
Lawrence Office Park
168 Franklin Corner Road
Building 2, Suite 220
Lawrenceville, New Jersey 08648
Telephone: (201) 687-9977
Facsimile: (201) 595-0308
Attorney for Plaintiff